**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

David Wayne,            )    No. CV 12-1001-PHX-RCB (DKD)
)
      Plaintiff,      )         **ORDER**
)
vs.                  )
)
C.O. Morgan, et al.,      )
)
      Defendants.    )

Plaintiff David Wayne, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Complaint with leave to amend.

**I.**    **Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.**   **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

JDDL-K

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court

1   should not, however, advise the litigant how to cure the defects.  This type of advice "would

2   undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225,

3   231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was

4   required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint

5   for failure to state a claim, but because the Complaint may possibly be saved by amendment,

6   will dismiss the Complaint with leave to amend.

7   **III.    Complaint**

8       Plaintiff names Maricopa County Detention Officers Morgan, Couch, and Karas as

9   Defendants in the Complaint.  Plaintiff raises three claims for relief.

10      In Count I, Plaintiff claims that his Eighth Amendment rights were violated when

11  detention officers used excessive force against him.  Plaintiff appears to claim that

12  Defendants discussed the contents of his institution file, would not take his grievances, and

13  that Defendant Morgan slammed Plaintiff's arm in the trap door of the cell causing scratches

14  on Plaintiff's arm.  Plaintiff also alleges that Defendants searched the pod in which Plaintiff

15  was housed and were "trying to make [Plaintiff] PC up."

16      In Count II, Plaintiff claims that his First Amendment right of access to the courts was

17  denied when Defendant Couch failed to take his grievances and would not provide Plaintiff

18  with copies of his complaint.  Plaintiff also states that he cannot obtain legal books to defend

19  himself "since they know I have a[n] attorney." The remainder of Plaintiff's claims in Count

20  II appear to relate to grievances, but are unclear.

21      In Count III, Plaintiff alleges that his Eighth Amendment rights were violated when

22  Defendant Couch called him "fag," and when Defendants pretended to be searching

23  everywhere for a razor blade to try to "make [Plaintiff] PC up."

24      Plaintiff seeks money damages.

25  **IV.    Failure to State a Claim**

26      **A.    Count I-Excessive Force**

27      The Fourteenth Amendment Due Process clause, not the Eighth Amendment, protects

28  pretrial detainees from excessive force that amounts to punishment.  Gibson v. County of

1    Washoe, 290 F.3d 1175, 1197 (9th Cir. 2002).   "[T]he Fourth Amendment sets the

2    'applicable constitutional limitations' for considering claims of excessive force during

3    pretrial detention." Id. (quoting Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir.

4    1996).

5         The Fourth Amendment does not prohibit the use of reasonable force.  Tatum v. City

6    & County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006).  Whether the force was

7    excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light

8    of the facts and circumstances confronting them, without regard to their underlying intent or

9    motivation." Graham v. Connor, 490 U.S. 386, 397 (1989); Tatum, 441 F.3d at 1095; Lolli

10   v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003).  The Court must balance the nature

11   and quality of the intrusion against the countervailing governmental interests at stake.

12   Graham, 490 U.S. at 396;  Lolli, 351 F.3d at 415.  Moreover,

13              [t]he "reasonableness" of a particular use of force must be
                judged from the perspective of a reasonable officer on the scene,
14              rather than with the 20/20 vision of hindsight.  . . . . "Not every
                push or shove, even if it may later seem unnecessary in the
15              peace of a judge's chambers," violates the Fourth Amendment.

16   Graham, 490 U.S. at 396 (citations omitted).

17        Plaintiff has not alleged facts demonstrating that he was subjected to an unreasonable

18   use of force by any of the named Defendants and has therefore failed to state a claim in

19   Count I.

20        **B.    Count II-Access to Courts**

21        A prisoner who is represented by counsel "has no constitutional right of access to

22   legal materials." United States v. Robinson, 913 F.2d 712, 717 (9th Cir. 1990). The state has

23   the option of deciding whether to provide legal assistance or access to a law library.  See

24   Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). "Availability of legal assistance

25   at government expense . . . is a constitutionally permissible means of access." United States

26   v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982). When an inmate is provided adequate

27   access, he may not reject the method of access provided and insist on a method of access of

28   his or her choosing.  Id.  Accord Martin v. Tyson, 845 F.2d 1451, 1456 (7th Cir. 1988) (no

JDDL-K                                           - 4 -

denial of meaningful access to courts where jail did not provide access to a law library to inmate who was represented by counsel).  Accordingly, Plaintiff is not entitled to relief with respect to his criminal case.

With respect to any civil litigation, the right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents.  Lewis v. Casey, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court.  Id. at 354.  The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id.  at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation.  Id. at 349.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present.  Id. at 352-53.

Plaintiff has failed to demonstrate an actual injury because he has not shown that he was prevented from bringing to court a nonfrivolous claim that he wished to present. Plaintiff has therefore failed to state a claim in Count II.

### C. Count III-Verbal Abuse

"'Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'"  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)); see also, McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) (mere threatening language and gestures do not, even if true, amount to constitutional violations).  Plaintiff's allegations in Count III fail to state a claim.

## V. Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first

amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Plaintiff must repeat this process for each person he names as a Defendant.  If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim.  **Conclusory allegations that a Defendant or group of Defendants have violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Motion for Restraining Order**

On June 1, 2012, Plaintiff filed a Motion for Restraining Order (Doc. 5).  Plaintiff seeks an order requiring Defendants to comply with the amended judgment in Graves v.

1  Arpaio.

2      A preliminary injunction is an extraordinary and drastic remedy and will not be

3  granted absent a clear showing of likely success in the underlying claim and possible

4  irreparable injury.  See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*).  A

5  party seeking preliminary injunctive relief "must necessarily establish a relationship between

6  the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose

7  v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (*per curiam*) (Eighth Amendment claim

8  cannot provide basis for preliminary injunction against alleged acts in retaliation for filing

9  claim).  In other words, Plaintiff must seek injunctive relief related to the merits of his

10  underlying claim.  Because there presently is no complaint pending, Plaintiff's request is not

11  properly before the Court at this time.  Accordingly, the Court will deny the motion without

12  prejudice.

13  **VII.   Warnings**

14      **A.   Release**

15      Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.

16  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

17  the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result

18  in dismissal of this action.

19      **B.   Address Changes**

20      Plaintiff must file and serve a notice of a change of address in accordance with Rule

21  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

22  relief with a notice of change of address.  Failure to comply may result in dismissal of this

23  action.

24      **C.   Copies**

25      Plaintiff must submit an additional copy of every filing for use by the Court.  See

26  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice

27  to Plaintiff.

28  . . .

1

**D.      Possible "Strike"**

2      Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails

3 to file an amended complaint correcting the deficiencies identified in this Order, the

4 dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

5 Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

6 judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior

7 occasions, while incarcerated or detained in any facility, brought an action or appeal in a

8 court of the United States that was dismissed on the grounds that it is frivolous, malicious,

9 or fails to state a claim upon which relief may be granted, unless the prisoner is under

10 imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

11      **E.      Possible Dismissal**

12      If Plaintiff fails to timely comply with every provision of this Order, including these

13 warnings, the Court may dismiss this action without further notice.  See <u>Ferdik</u>, 963 F.2d at

14 1260-61 (a district court may dismiss an action for failure to comply with any order of the

15 Court).

16 **IT IS ORDERED:**

17      (1)      Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

18      (2)      As required by the accompanying Order to the appropriate government agency,

19 Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

20      (3)      The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has

21 **30 days** from the date this Order is filed to file a first amended complaint in compliance with

22 this Order.

23      (4)      If Plaintiff fails to file an amended complaint within 30 days, the Clerk of

24 Court must, without further notice, enter a judgment of dismissal of this action with prejudice

25 that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

26      (5)      Plaintiff's June 1, 2012 Motion for Restraining Order (Doc. 5) is **denied**

27 without prejudice.

28      (6)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

1    rights complaint by a prisoner.

2         DATED this 11th day of June, 2012.

3

4

5    _____

6                    Robert C. Broomfield
                    Senior United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

|  |  |  |
|---|---|---|
| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:  _____
Address:_____
        Attorney for Defendant(s)

_____
(Signature)

9.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| _____ , <br> (Full Name of Plaintiff)   Plaintiff, <br><br> vs. <br><br> (1) _____ , <br> (Full Name of Defendant) <br> (2) _____ , <br><br> (3) _____ , <br><br> (4) _____ , <br> Defendant(s). <br> ☐ Check if there are additional Defendants and attach page 1-A listing them. | ) <br> ) <br> ) <br> ) <br> ) **CASE NO.** _____ <br> )     (To be supplied by the Clerk) <br> ) <br> ) <br> ) <br> )    **CIVIL RIGHTS COMPLAINT** <br> )        **BY A PRISONER** <br> ) <br> ) ☐ Original Complaint <br> ) ☐ First Amended Complaint <br> ) ☐ Second Amended Complaint |

### A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   - ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   - ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   - ☐ Other: _____.

2. Institution/city where violation occurred: _____.

Revised 3/9/07                                    1                                    **550/555**

**B.  DEFENDANTS**

1.   Name of first Defendant: _____.  The first Defendant is employed as:
_____ at _____.
                        (Position and Title)                                                        (Institution)

2.   Name of second Defendant: _____.  The second Defendant is employed as:
_____ at _____.
                        (Position and Title)                                                        (Institution)

3.   Name of third Defendant: _____.  The third Defendant is employed as:
_____ at _____.
                        (Position and Title)                                                        (Institution)

4.   Name of fourth Defendant: _____.  The fourth Defendant is employed as:
_____ at _____.
                        (Position and Title)                                                        (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C.  PREVIOUS LAWSUITS**

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____ .  Describe the previous lawsuits:

   a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

   b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

   c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?            ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.** Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.** State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                    ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count II?        ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count II to the highest level?   ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____ .

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail             ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property         ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____ .

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what
**each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without
citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
        at your institution?                                                          ☐ Yes   ☐ No
   b.   Did you submit a request for administrative relief on Count III?               ☐ Yes   ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?      ☐ Yes   ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
        you did not. _____
        _____ .

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____

_____

_____

_____

_____

_____

_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____             _____
                        DATE                                                SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.